**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | Chapter 13 |
| | § | |
| **ROBERT DAVIS** | § | CASE NO.   20-00301 |
| | § | |
| **DEBTOR** | § | |

### MOTION FOR AN ORDER OF CIVIL CONTEMPT

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**COMES NOW,** Robert Davis ("**Debtor**") and files this *Motion for An Order of Civil Contempt against* Gwendolyn R. Wilds and Grace Davis ("**Wilds and Davis**"), and respectfully shows the Court the following:

**S**UMMARY OF **R**ELEVANT **F**ACTS

1. On January 13, 2020, Robert Davis ("Debtor") filed a Motion to have Gwendolyn R. Wilds and Grace Davis ("**Wilds and Davis**") appear and show cause why they should not be sanctioned by this Court ("**Show Cause Motion**").

2. The Show Cause Motion can be summarized as follows:

    The Debtor hired Gwendolyn R. Wilds and Grace Davis to modify his home loan and to file a Chapter 13 bankruptcy case. The Debtor paid nearly $9,000.00 toward monthly loan modification trial payments that Wilds and Davis kept for themselves and never forwarded to Ocwen. The Debtor also paid Wilds an additional $3,705.00 in legal fees, yet

Wilds wholly failed to perform and fulfill her obligations to the Debtor. In addition, Wilds took the Debtor's $310.00 filing fee and never forwarded it to the Clerk of the Court. Instead, Wilds filed an Application to Pay Filing Fee in Installments and kept the Debtor's filing fee for herself. A review of PACER shows that this may be a pattern and practice for Wilds who is not licensed to practice law in Texas. Forty-six of the fifty Chapter 13 cases that have been filed by Wilds in the Southern District of Texas have been dismissed, and none of her Chapter 13 clients have received a discharge.

The Debtor asked this Court to order Gwendolyn R. Wilds and Grace Davis to appear and show cause why they should not be sanctioned for engaging in the unauthorized practice of law, for violating 11 U.S.C. §526, Rule 2017, and the MARS Rule.

3. On January 13, 2020, the Court held a status conference on the Show Cause Motion which resulted in an Agreed Order that was executed by the Debtor, Wilds and Davis. *See Exhibit A*

**AGREED ORDER**

4. Pursuant to the Agreed Order, Wilds and Davis were ordered to pay the Debtor $25,000.00 in twenty-five (25) equal installments of $1,000.00 per month, starting with the first payment being due on September 1, 2020.
5. The Agreed Order provided that if Wilds and Davis made any late payments then they would be liable to the Debtor for an additional $100.00 per day, until the full monthly payment was made to the Debtor.
6. Wilds and Davis have made the following payments:

| $1,000.00 PAYMENT DUE DATE | DATE PAYMENT RECEIVED | AMOUNT RECEIVED | LATE FEES |
|---|---|---|---|
| 9/1/2020 | 9/24/2020 | $1,000.00 | $2,300.00 |
| 10/1/2020 | 10/6/2020 | $500.00 | $5,000.00 |
| 11/1/2020 | 11/20/2020 | $1,200.00 | $8,900.00 |
| 12/1/2020 | No Payment | $0.00 | $8,500.00 |
| 1/1/2021 | 1/19/2021<br>1/29/2021 | $600.00<br>$600.00 | $8,900.00 |
| 2/1/2021 | 2/24/2021 | $600.00 | $10,900.00 |
| 3/1/2021 | 3/31/2021 | $1,200.00 | $9,500.00 |

| 4/1/2021 | No Payment | $0.00 | $15,000.00 |
| --- | --- | --- | --- |
| 5/1/2021 | 5/21/2021 | $1,200.00 | $12,000.00 |
| 6/1/2021 | 6/4/2021 | $600.00 | $8,900.00 |
| 7/1/2021 | No Payment | $0.00 | $5,900.00 |
| 8/1/2021 | No Payment | $0.00 | $2,800.00 |

7. Wilds and Davis have paid the Debtor a total of $7,500.00.
8. Debtor's counsel has made numerous attempts to resolve these issues without Court involvement.
9. On May 3, 2021, Debtor's counsel notified Wilds and Davis' counsel that a Motion for Contempt would be filed if the payments were not brought current. In response, Debtor's counsel was informed that Ms. Wilds won an appeal and would be pay the total amount owed.
10. To date, Wilds and Davis should have paid the Debtor a total of $25,000.00, plus $98,600.00 in late fees that began accruing from the very first month of payments due under the Agreed Order.

**RELIEF REQUESTED – CONTEMPT ORDER**

11. The Debtor requests that the court holds Wilds and Davis in civil contempt for intentionally violating the Agreed Order
12. In a civil contempt proceeding, the moving party need only show (i) that a court order was in effect; (ii) the order required certain conduct by the respondent; and (iii) the respondent failed to comply with the court's order. *F.D.I.C. v. LeGrand,* 43 F. 3d 163, 170 (5th Cir. 1995).
13. The Agreed Order is specific and required payment by a certain date. Wilds and Davis continuously fail to comply with the terms of the Agreed Order.
14. Here, Wilds and Davis were bound by the terms of the Agreed Order and were given notice on numerous occasions that they were not complying with the terms of the Agreed Order.
15. Judicial sanctions should be employed, and are requested in order to coerce Wilds and Davis to comply with the Agreed Order. See, e.g. *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976); *Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 401 (5th Cir. 1987).

16. The court may order the payment of damages, including attorney fees, as a civil contempt sanction. *Id.*

17. Here, the Agreed Order provided a $100.00 per day penalty which did not cause Wilds and Davis to comply.  The Debtor requests a $1,000.00 per day sanction until Wilds and Davis fully comply with the Agreed Order, and pay the Debtor the total amount due ($25,000.00, plus $98,600.00 in late fees).

18. Furthermore, the Debtor seeks reimbursement of attorney's fees that he has incurred as a result of Wilds and Davis' refusal to comply with the Agreed Order.

Dated: September 7, 2021

                                                    Respectfully submitted,

                                                    By: */s/ Miriam Goott*
                                                           Miriam Goott
                                                           attorney-in-charge
                                                           SBN 24048846
                                                           COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)
mgoott@walkerandpatterson.com

## CERTIFICATE OF SERVICE

      I, Miriam Goott, hereby certify that I served Wilds and Davis with a copy of the Motion for An Order for Civil Contempt via electronic transmission to their counsel, George Neely, on September 7, 2021.

                                                                           */s/Miriam Goott*
                                                                           Miriam Goott